RONALD WILCOX, Bar #176601
Attorney at Law
1900 The Alameda, Suite 530
San Jose, CA 95126
Tel: (408) 296-0400
Fax: (408) 296-0486
ronaldwilcox@gmail,com

BEN DUPRE, Bar # 231191
Dupre Law Firm, P.C.
2005 De La Cruz Blvd., Suite 203
Santa Clara, CA 95050
Tel: (408) 727-5377
Fax: (408) 727-5310
bendupre@gmail.com

Counsel for Plaintiff,
ALVIN LEUNG

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE**

| | |
|---|---|
| **ALVIN LEUNG**<br><br>Plaintiff,<br><br>v.<br><br>**CITIBANK, N.A. and DOES 1-10,**<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT**<br>DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1. Defendant made repeated telephone calls to Plaintiff's cellular telephone, in connection with an attempt to collect an alleged debt, despite his repeated requests that Citibank and its representatives cease, and without his consent, including calling him more than one-hundred times (100) in about a thirty (30) day (from July 11, 2013 to August 2013). Defendants placed numerous telephone calls on the same day. Defendants would abruptly

hang up on Plaintiff at times. Defendants used automated telephone dialing systems, and pre-recorded messages to telephone Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, and the Rosenthal Fair Debt Collection Practices Act.

2. Plaintiff suffered physical and emotional injury, including severe and substantial emotional distress, and actual damages including but not limited to, anxiety, emotional distress, stress, frustration, depression, loss of concentration, amongst other injuries. The sound of a cell phone ringing deepened Plaintiff's anxiety and caused him to feel "panicky."

3. It is the pattern and practice, and the business plan of Defendants to place repeated and continuous telephone calls to consumers in an abusive and intrusive manner, and fail to cease and desist communicating, and to contact consumers at inconvenient times, which conduct has the natural consequence to annoy, oppress, harass and abuse. Certain nations (like Indonesia) have banned Citibank from collecting debts entirely.[1] Also See, *Cayanan v. Citi Holdings*, 12-cv-1476 MMAJMA (S.D. Cal. June 15, 2012)(TCPA class action alleging 110 calls to Plaintiff's cell phone); *Baker v. Citibank, N.A.* 12-cv-05038 (C.D. Cal. 2012)(class action for unlawful TCPA calls to consumers throughout California) *Haas v. Citibank,* #13-01578 (N.D. Cal 2013)(150 calls to Plaintiff's cell phone after Plaintiff requested they cease, calling estranged family members, and hiring a third party debt collector to continue calling, despite Plaintiff's requests to cease); *Trejo v. Citibank*, 13-03623 (N.D. Cal. 2013)(more than thirty-four (34) calls to cell phone in two (2) months, despite request to cease).

---

[1] http://www.sanjosebankruptcyfdcpalawyer.com/?page=2

4. On December 29, 2008, the Federal Communications Commission ("FCC") issued a citation to Citibank for abusive collection practices, including admonishing Citibank that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation occurring before September 2, 2008, and $16,000 for each such violation or each day of a continuing violation occurring on or after September 2, 2008."

5. This is an action for damages brought by a consumer to redress the Defendants' violations of California's Rosenthal Fair Debt Collection Practices Act, Civil Code Section 1788 et seq. (hereinafter, "state act"), and related common law claims, which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts. In 2000 the California legislature incorporated most of the Federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.) into the California FDCPA. See Civil Code §1788.17.

6. According to 15 U.S.C. Section 1692:

> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to **invasions of individual privacy.**

## II. JURISDICTION AND VENUE

7. Jurisdiction of this Court arises under 15 U.S.C. sec. 1692k(d), 28 U.S.C. sec. 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. sec. 1367. Venue in this District is proper in that Defendants transacts business here and the conduct complained of occurred here.

## III. PARTIES

8. Plaintiff Alvin Leung, (hereinafter "MR. LEUNG" or "Plaintiff") is a natural person residing in San Jose, in the County of Santa Clara, in the State of California.

9. On information and belief, Defendant, CITIBANK is a foreign business corporation doing business in California (hereinafter "CITIBANK"). CITIBANK, in the ordinary course of business, regularly attempts to collect debts on its own behalf.

10. Defendant, CITIBANK is a "debt collector" as defined by California Civil Code §1788.2.

11.Defendants, Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of court to amend this complaint to state the true names and capacities of such fictitiously named Defendants when ascertained.

12.At all times mentioned herein, each Defendant was the agent or employee of each of the other Defendants and was acting within the course and scope of such agency or employment. The Defendants are jointly and severally liable to the Plaintiff for their conduct. Defendants approved, authorized and/or ratified the wrongful acts and omissions herein.

13. Any reference hereinafter to "Defendant" or "Defendants" or "Citibank", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff alleges on information and belief as follows:

15. CITIBANK, N.A. telephoned Plaintiff in connection with an attempt to collect a consumer debt. Plaintiff incurred credit card debts to Defendant. The debt were primarily incurred for personal, family or household purposes.

16. The money Defendant is attempting to collect is a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

17. Before July 11, 2013 Defendant began to make repeated and continuous telephone calls to Plaintiff's cellular phone in connection with an attempt to collect the alleged debt.

18. On or about July 11, 2013, MR. LEUNG indicated he would make minimum payments by July 15, 2013, and asked CITIBANK to stop the repeated calls.

19. However, Defendant chose to ignore Plaintiff's request that the phone calls cease, and continued its repeated calls., including calling back the same day.

20. Defendant made repeated telephone calls to Plaintiff's cellular telephone, in connection with an attempt to collect an alleged debt, despite requests that Citibank and its representatives cease, and without his consent, including calling him more than one-hundred (100) times in about a thirty (30) day (from July 11, 2013 to August 2013). Defendants placed numerous telephone calls on the same day calls to Plaintiff on some days). Defendants would abruptly hang up on Plaintiff at times. Defendants used automated telephone dialing systems, and pre-recorded messages to telephone Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, and the Rosenthal Fair Debt Collection Practices Act.

21. Defendants' calls were repeated and continuous, and were with such frequency as to be unreasonable and constitute harassment under the circumstances.

22. Upon information and belief CITIBANK made recordings of its calls to MR. LEUNG.

23. CITIBANK engaged in conduct, the natural consequence was to harass and oppress.

24. CITIBANK used false, deceptive or misleading representations or means in connection with the collection of a debt, at times, hanging up, failing to disclose who was calling and the purpose of the call, and taking action they could not legally take.

25. CITIBANK engaged in unfair and unconscionable practices in an attempt to collect a debt, including using an automated dialing system, to place telephone calls to MR. LEUNG'S cellular phone, without MR. LEUNG'S consent.

## V. FIRST CAUSE OF ACTION – ROSENTHAL FDCPA

26. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

27. The foregoing acts and omissions by these Defendants with respect to Plaintiff in their attempts to collect a consumer debt from Plaintiff constitute numerous and multiple unfair, deceptive, misleading practices made unlawful pursuant to the California Rosenthal Fair Debt Collection Practices Act, including but not limited to Civil Code §§ 1788-1788.32, including §§ 1788.11, 1788.11(d), 1788.11(e) and 1788.17.

28. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

## VI. SECOND CAUSE OF ACTION – INTRUSTION UPON SECLUSION

29. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

30. The foregoing acts of Defendants as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon his right of seclusion.

31. Plaintiff has a common law right to, and a reasonable expectation of privacy, his home and place of employment, and in regard to his private affairs.

32. Defendants' abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

33. Defendants intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiffs emotional distress.

34. As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

35. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## VII. THIRD CAUSE OF ACTION - TCPA

36. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

37. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

38. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

39. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C § 153(43).

40. The Defendant at all times relevant to the complaint herein engages in "interstate" communications" by the TCPA U.S.C. § 153(22).

41. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

42. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

43. Defendant violated the TCPA, 47 U.S.C. § 227(b)(1)(A), by using an automatic

telephone dialing system to telephone Plaintiff's cellular phone in an attempt to collect an alleged debt.

44. Defendant frequently made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and/or an artificial or prerecorded voice.

45. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

46. Defendants' violations were willful and knowing.

47. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for statutory damages, including treble damages.

48. Defendants engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

49. Defendants' acts were willful, intentional and knowing.

50. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

51. Plaintiff is entitled to recover actual and punitive damages.

## VIII. FOURTH CAUSE OF ACTION – NEGLIGENCE

52. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

53. Defendants' outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

54. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

55. Defendants' conduct as described herein was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

56. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, and use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

57. Defendants owed a duty to refrain from outrageous and unlawful calls in connection with their attempts to collect a debt.

58. Defendants' actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of his rights.

59. Plaintiff suffered damages due to Defendants' actions in an amount to be determined at trial.

60. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## IX. FIFTH CAUSE OF ACTION – NEGLIGENT TRAINING AND SUPERVISION

61. Plaintiff incorporates by reference the above paragraphs as though fully stated herein below.

62. Defendant negligently trained and supervised their employees and agents as to the performance of their job duties and as a result of such negligent instruction and supervision, the employees/agents while carrying out their job duties caused injury and damage to Plaintiff.

63. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages in an amount to be determined at trial.

64. Defendant acted with oppression, and/or malice, thereby entitling Plaintiff to punitive damages in an amount to be determined at trial. Defendant acted in a despicable manner and acted with a conscious disregard to the rights of Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Actual, statutory and punitive damages;

B. Statutory and actual damages pursuant to California Civil Code § 1788 et seq.

C. Costs and reasonable attorney's fees pursuant to Civil Code 1788 et seq.

D. Award statutory damages in the amount of $500.00 for each violation of the TCPA against all of the Defendants, and/or treble damages for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

E. For such other and further relief as may just and proper.

Respectfully submitted,

/s/Ronald Wilcox 7/10/14
Ronald Wilcox, Attorney for Plaintiff Date

**DEMAND FOR JURY TRIAL**

Please take notice that Plaintiff demand trial by jury in this action.

/s/Ronald Wilcox 7/10/14
Ronald Wilcox Date